**UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| Wordsworth Academy, | : | Case No. 17-14463 (AMC) |
| | : | |
| Debtor. | : | (Joint Administration Requested) |
| | : | |
| In re: | : | Chapter 11 |
| | : | |
| Wordsworth CUA 5, LLC, | : | Case No. 17- 14466 (AMC) |
| | : | |
| Debtor. | : | (Joint Administration Requested) |
| | : | |
| In re: | : | Chapter 11 |
| | : | |
| Wordsworth CUA 10, LLC, | : | Case No. 17- 14467 (AMC) |
| | : | |
| Debtor.[1] | : | (Joint Administration Requested) |
| | : | |

**MOTION OF DEBTORS FOR ENTRY OF AN ORDER**
**AUTHORIZING ASSUMPTION OF CERTAIN EXECUTORY CONTRACTS**

The above-captioned debtors and debtors in possession (collectively, the "Debtors") hereby move (the "Motion") this Court for entry of an order, substantially in the form attached hereto as **Exhibit A**, authorizing the Debtors to assume the executory contracts attached as **Exhibit B** hereto (as described below, each an "Executory Contract" and, collectively, the "Executory Contracts") as of the Petition Date. In support of this Motion, the Debtors respectfully represent as follows:

**Jurisdiction**

1. The Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, are: Wordsworth Academy (9031); Wordsworth CUA 5, LLC (0983); and Wordsworth CUA 10, LLC (5980). Wordsworth Academy has an address at 3300 Henry Ave., Philadelphia, PA 19129.

2. Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory and rule-based predicates for the relief sought herein are sections 105(a) and 365(a) of title 11 of the United States Code (11 U.S.C. §§ 101 *et seq*., the "<u>Bankruptcy Code</u>") and Rule 6006 of the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>").

**Background**

4. On the date hereof (the "Petition Date"), each of the Debtors filed a voluntary petition for relief with the Court under chapter 11 of title 11 of the Bankruptcy Code.

5. The Debtors are operating their businesses and managing their property as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

6. No request for the appointment of a trustee or examiner has been made in these chapter 11 cases (the "Chapter 11 Cases") and, as of the date of the filing of this Motion, no official committees have been appointed or designated.

7. Concurrently with the filing of this Motion, the Debtors have requested joint administration of these Chapter 11 Cases.

8. Debtor Wordsworth Academy ("Wordsworth") is a Pennsylvania non-profit corporation. Its mission is to provide education, behavioral health and child welfare services to children and youth who have emotional, behavioral and academic challenges so that they are empowered to reach their potential and lead productive, fulfilling lives. In addition to other programs, Wordsworth provides services through two Community Umbrella Agencies. Wordsworth is the sole member of Debtors Wordsworth CUA 5, LLC ("CUA 5") and

Wordsworth CUA 10, LLC ("CUA 10") (together, the "CUAs"), which are Pennsylvania non-profit limited liability companies.

9. The factual background relating to the Debtor's commencement of these Chapter 11 cases is set forth in detail in the First Day Declaration filed on the Petition Date and incorporated herein by reference.

## Relief Requested

10. By this Motion, the Debtors seek authority under sections 105(a) and 365(a) of the Bankruptcy Code to assume the Executory Contracts that are attached as Exhibit B hereto.

## Basis for Relief

### *Assumption of the Executory Contracts is in the Debtors' Best Interests.*

11. Section 365(a) of the Bankruptcy Code provides that a debtor in possession "subject to the court's approval, may assume . . . any executory contract or unexpired lease of the debtor." 11 U.S.C. § 365(a).

12. The standard applied to determine whether assumption of an executory contract or unexpired lease should be authorized is the "business judgment" standard. *See Orion Pictures Corp. v. Showtime Networks Inc. (In re Orion Pictures Corp.)*, 4 F.3d 1095, 1098-99 (2d. Cir. 1993); *see also In re Crystalin, L.L.C.*, 293 B.R. 455, 463 (B.A.P. 8th Cir. 2003) (citing *In re Food Barn Stores, Inc.*, 107 F.3d 558, 566 (B.A.P. 8th Cir. 1997) (assumption of prepetition agreement approved under the business judgment standard)). This standard is satisfied when a debtor determines that assumption will benefit the estate. *Id.*; *see also In re Farmland Indus., Inc.*, 294 B.R. 903, 913 (W.D. Mo. 2003) (finding that the debtor must show merely that the "action to be taken will benefit the estate").

13. If a debtor's business judgment has been exercised reasonably, a court should approve the assumption of an executory contract or unexpired lease. *See, e.g., NLRB v. Bildisco & Bildisco*, 465 U.S. 513, 523 (1984); *Group of Inst'l Investors v. Chicago, Milwaukee, St. Paul & Pacific R.R. Co.*, 318 U.S. 523 (1943); *Cleveland Hotel Protective Comm. v. Nat'l City Bank of Cleveland (In re Van Sweringen Corp.)*, 155 F.2d 1009, 1013 (6th Cir.), *cert. denied*, 329 U.S. 766 (1946); *In re Child World, Inc.*, 142 B.R. 87, 89 (Bankr. S.D.N.Y. 1992); *In re Ionosphere Clubs, Inc.*, 100 B.R. 670, 673 (Bankr. S.D.N.Y. 1989). Once a debtor has satisfied the business judgment standard by showing that assumption will benefit the estate, the court should not interfere "except upon a finding of bad faith or gross abuse of [the debtor's] business discretion." *Lubrizol Enters., Inc. v. Richmond Metal Finishers Inc.*, 756 F.2d 1043, 1047 (4th Cir. 1985).

14. The "business judgment" rule shields a debtor's management from judicial second guessing. *In re Farmland Indus., Inc.*, 294 B.R. at 913 (quoting *In re Johns-Manville Corp.*, 60 B.R. 612, 615-16 (Bankr. S.D.N.Y. 1986)) ("'[T]he Code favors the continued operation of a business by a debtor and a presumption of reasonableness attaches to a debtor's management decisions.'"). Once the Debtors articulate a valid business justification, "[t]he business judgment rule 'is a presumption that in making a business decision the directors of a corporation acted on an informed basis, in good faith and in the honest belief that the action was in the best interests of the company.'" *In re Integrated Res., Inc.*, 147 B.R. 650, 656 (S.D.N.Y. 1992) (quoting *Smith v. Van Gorkom*, 488 A.2d 858, 872 (Del. 1985)).

15. Indeed, when applying the business judgment rule, courts show great deference to the debtor's decision making. *See In re Crystalin, L.L.C.*, 293 B.R. at 464 (finding that the court need not "place itself in the position of the trustee or debtor in possession") (omitting citations); *see also Summit Land Co. v. Allen (In re Summit Land Co.)*, 13 B.R. 310, 315 (Bankr. D. Utah

4

1981) (holding that, absent extraordinary circumstances, court approval of a debtors' decision to assume an executory contract "should be granted as a matter of course").

16. The Executory Contracts consist of two prepetition management agreements pursuant to which the Debtors obtain a variety of administrative services and financial support. In particular, a variety of administrative, technology and management support, including budgeting and fiscal assistance, human resources support, strategies for program direction, fundraising strategies, marketing assistance, staff training and other quality of service improvements, strategic consulting regarding real estate leases, and certain legal advice is provided through the Transition Management Agreement between Public Health Management Corporation ("PHMC") and Debtor, Wordsworth Academy. Through the Transition Management Agreement between Turning Points for Children, a subsidiary of PHMC, and Debtors, Wordsworth CUA 5, LLC and Wordsworth CUA 10, LLC, the Debtors obtain strategic leadership support, fundraising assistance, management assistance and support, and assistance with the development of programs, budgeting and staffing.

17. The Executory Contracts are part of the Debtors' strategy to best ensure that the various program related incidents that came to light since October of 2016 are not repeated; to outsource many of the administrative and technological functions of the Debtors' operations so that the Debtors can focus their efforts, with the strategic support of PHMC, on the immediate improvement of their various programs; and, to reduce their administrative costs while the Debtors rehabilitate their operations to ensure the continued fulfillment of their mission. With respect to the Executory Contracts, there are no cure amounts owed by the Debtors and the Debtors intend to perform under the contracts in the ordinary course of business.

18. The Debtors have evaluated each of the Executory Contracts and, in the exercise of their business judgment, have determined that the Debtors' assumption of the Executory Contracts will: (a) promote the continuity of support and administrative services that enable the Debtors to operate their programs; (b) provide a cost-effective means for the Debtors to efficiently obtain administrative support services; and (c) prevent, among other things, (i) the Debtors' loss of funding and licenses necessary to continue operations, (ii) the Debtors' loss of employees who are necessary to staff the Debtors' programs, and (iii) increased operational costs. Accordingly, the assumption of the Executory Contracts is in the best interests of the Debtors, their estates, their creditors and parties in interest.

*__Adequate Assurance of Future Performance__*

19. The Debtors are current with their payments to the counterparties to the Executory Contracts and, accordingly, do not owe any cure amounts pursuant to section 365(b)(1)(A) of the Bankruptcy Code. As such, the Debtors are not required to establish "adequate assurance of future performance" under section 365(b)(1)(C) of the Bankruptcy Code. Nonetheless, for the avoidance of doubt, the Debtors also assert that they have provided adequate assurance of future performance to the counterparties to the Executory Contracts.

20. Courts have previously stated that adequate assurance of future performance is dependent on the specific facts and circumstances of the case and ultimately must be viewed in a practical light. *See Carlisle Homes, Inc. v. Arrari (In re Carlisle Homes, Inc.)*, 103 B.R. 524, 538 (Bankr. D.N.J. 1989). For instance, adequate assurance of future performance might be established by demonstrating the financial resources to perform and an expression of willingness to do so. *See In re Bygaph, Inc.*, 56 B.R. 596, 605-06 (Bankr. S.D.N.Y. 1986) (considering adequate assurance of future performance in the context of a lease assignment).

21. In the present case, the Debtors have sufficient cash from operations and other cash collateral to make all payments due under the Executory Contracts. The Debtors fully intend to make all such payments to the counterparties to the Executory Contracts in the ordinary course of business.

22. For the foregoing reasons, the Debtors, in the exercise of their business judgment, have determined that it is in the best interests of their estates to assume the Executory Contracts effective as of the Petition Date.

## Notice

23. The Debtors have provided notice of this Motion to: (a) the Office of the United States Trustee for the Eastern District of Pennsylvania; (b) the Commonwealth of Pennsylvania, Department of Labor and Industry; (c) the Commonwealth of Pennsylvania, Department of Revenue; (d) the Office of the Attorney General of Pennsylvania; (e) the entities listed on the Consolidated List of Creditors Holding the 30 Largest Unsecured Claims filed pursuant to Bankruptcy Rule 1007(d); (f) the Internal Revenue Service; (g) the City of Philadelphia; (h) the counterparties to the Executory Contracts; and (i) all parties who have requested notice pursuant to Bankruptcy Rule 2002. In light of the nature of the relief requested, the Debtors respectfully submit that no further notice is necessary.

## No Prior Request

24. No prior request for the relief requested herein has been made to this Court or any other court in connection with these Chapter 11 Cases.

WHEREFORE, for the reasons set forth herein, the Debtors respectfully request that this Court: (a) enter an order substantially in the form attached hereto as **Exhibit A**, granting

the relief sought herein; and (b) grant to the Debtors such other and further relief as the Court may deem proper.

Dated: June 30, 2017
Philadelphia, Pennsylvania

/s/  Lawrence G. McMichael
**DILWORTH PAXSON LLP**
Lawrence G. McMichael
Peter C. Hughes
Anne M. Aaronson
1500 Market St., Suite 3500E
Philadelphia, PA 19102
Telephone:  (215) 575-7000
Facsimile:  (215) 575-7200

*Counsel for the Debtors and Debtors in Possession*