UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| In re: | : | Chapter 11 |
|---|---|---|
| Wordsworth Academy, | : | Case No. 17- 14463 (AMC) |
| Debtor. | : | (Joint Administration Requested) |
| In re: | : | Chapter 11 |
| Wordsworth CUA 5, LLC, | : | Case No. 17- 14466 (AMC) |
| Debtor. | : | (Joint Administration Requested) |
| In re: | : | Chapter 11 |
| Wordsworth CUA 10, LLC, | : | Case No. 17- 14467 (AMC) |
| Debtor.[1] | : | (Joint Administration Requested) |

**ORDER ESTABLISHING CERTAIN NOTICE,
CASE MANAGEMENT, AND ADMINISTRATIVE PROCEDURES**

Upon the motion (the "Motion") of the above-captioned Debtors (the "Debtors") for the entry of an order establishing certain notice, case management, and administrative procedures and the First Day Declaration; it appearing that the relief requested in the Motion is in the best interests of the Debtors, their estates, and other parties in interest; the Court having jurisdiction over the matters raised in the Motion pursuant to 28 U.S.C. §§ 157 and 1334; consideration of the Motion and the relief requested herein being a core proceeding pursuant to 28 U.S.C. § 157(b)(2); venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; notice of the Motion having been adequate and appropriate under the circumstances; and after due deliberation and sufficient cause appearing therefor, it is hereby **ORDERED** that

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, are: Wordsworth Academy (9031); Wordsworth CUA 5, LLC (0983); and Wordsworth CUA 10, LLC (5980). Wordsworth Academy has an address at 3300 Henry Ave., Philadelphia, PA 19129.

1. The Motion is granted as set forth herein.

2. The notice, case management, and administrative procedures set forth in Exhibit 1, attached hereto (the "Case Management Procedures"), are hereby approved and shall govern all applicable aspects of these Chapter 11 Cases.

3. The Bankruptcy Code, 11 U.S.C. §§ 101 et seq., the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and the Local Bankruptcy Rules for the Eastern District of Pennsylvania shall apply to these Chapter 11 Cases, except to the extent that they conflict with the Case Management Procedures.

4. Nothing herein or in the Case Management Procedures shall affect the Debtors' obligation to give notice to all creditors, parties in interest, and, where applicable, equity security holders of (a) the meeting of creditors, (b) the dismissal or conversion of these Chapter 11 Cases to another chapter, (c) the time fixed to accept or reject a proposed modification of a chapter 11 plan, (d) the time fixed for filing proofs of claim, (e) the time fixed for filing objections to and the hearing on the disclosure statement and a chapter 11 plan, or (f) entry of an order confirming a chapter 11 plan. Nor shall anything herein prevent a party whose rights may be substantially affected by the relief requested from being served with notice. In addition, the Debtors shall be required to comply with the notice requirements of Bankruptcy Rules 2002(d), 4006, and 4007 where applicable.

5. The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

6. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

119663762_2

7. All time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

8. The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: _____July 6, 2017_____
       Philadelphia, Pennsylvania

_____
United States Bankruptcy Judge

119663762_2

UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| In re: | : | Chapter 11 |
|---|---|---|
| Wordsworth Academy, | : | Case No. 17- 14463 (AMC) |
| Debtor. | : | (Joint Administration Requested) |
| In re: | : | Chapter 11 |
| Wordsworth CUA 5, LLC, | : | Case No. 17- 14466 (AMC) |
| Debtor. | : | (Joint Administration Requested) |
| In re: | : | Chapter 11 |
| Wordsworth CUA 10, LLC, | : | Case No. 17- 14467 (AMC) |
| Debtor.[1] | : | (Joint Administration Requested) |

## NOTICE, CASE MANAGEMENT, AND ADMINISTRATIVE PROCEDURES

These notice, case management, and administrative procedures have been approved by the United States Bankruptcy Court for the Eastern District of Pennsylvania (the "Court") for the chapter 11 cases of the above-captioned Debtors (the "Debtors") pursuant to the Motion for Entry of an Order Establishing Certain Notice, Case Management and Administrative Procedures (the "Motion").[2] On July 5, 2017, the Court entered an order (the "Order") approving these Notice, Case Management, and Administrative Procedures (the "Case Management Procedures") [Docket No. ___].

The Bankruptcy Code, 11 U.S.C. §§ 101 et seq. (the "Bankruptcy Code"), the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and the Local Rules for the United

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, are: Wordsworth Academy (9031); Wordsworth CUA 5, LLC (0983); and Wordsworth CUA 10, LLC (5980). Wordsworth Academy has an address at 3300 Henry Ave., Philadelphia, PA 19129.

[2] Capitalized terms not defined herein shall have the meaning set forth in the Motion.

119663762_2

States Bankruptcy Court for the Eastern District of Pennsylvania (the "Local Bankruptcy Rules") shall govern all matters in these Chapter 11 Cases (the "Chapter 11 Case"), except to the extent such rules conflict with or are inconsistent with the procedures set forth herein.

A.  **Document Requests and Access to Documents**

1.  Electronic copies of all pleadings and documents are available (1) for a fee via PACER on the Court's website at www.paeb.uscourts.gov; and (2) for free on the Claims agent's website at www.donlinrecano.com. Additionally, paper copies of all pleadings filed in the Chapter 11 Case may be available from the Court or by contacting Debtors' counsel.

B.  **Master Service List and Electronic Mail Service**

1.  Procedures Established for Notices. All notices, motions, applications, and other requests for relief, all briefs, memoranda, declarations, replies, and other documents filed in support of such papers seeking relief (collectively, the "Requests for Relief"), and all objections and responses to such Requests for Relief (collectively, the "Objections," and together with the Requests for Relief and all other filed documents, the "Rule 2002 Court Filings") shall be filed with the Court or other applicable court and served in accordance with the notice procedures set forth herein (the "Notice Procedures").

2.  Definition of Entities Entitled to Service. All Rule 2002 Court Filings shall be served on the Core Group (as defined below), the 2002 List (as defined below), and Affected Entities (as defined below, and collectively with the Core Group and 2002 List, the "Service List") according to the Notice Procedures. A Rule 2002 Court Filing is deemed not to have been properly served until served, at a minimum, on all of the parties in the Core Group.

    a.  Core Group - The following entities shall comprise the core group of entities in these Chapter 11 Cases (collectively, the "Core Group"): (i) the Office of the United States Trustee for the Eastern District of Pennsylvania (the "U.S. Trustee"); (ii) counsel for the Debtors, Dilworth Paxson LLP; (iii) bankruptcy counsel for each committee appointed

2

pursuant to section 1102 of the Bankruptcy Code; (iv) counsel to M&T Bank; and (v) the Office of Attorney General of the Commonwealth of Pennsylvania. An updated Core Group list can be obtained from Debtors' counsel.

 b. 2002 List - This group shall be comprised of all entities that have filed a request for service of filings pursuant to Bankruptcy Rule 2002. An updated 2002 List can be obtained from Debtors' counsel.

  (1) Filing Requests for Documents Requires an Email Address - A request for service of papers pursuant to Bankruptcy Rules 2002 (each, a "2002 Notice Request") filed with the Court shall be deemed proper if and only if it includes the following information with the request to the party filing such request: (a) name; (b) street address; (c) name of client(s), if applicable; (d) telephone number; (e) facsimile number; and (f) electronic mail (or email) address.

  (2) Certification Opting Out of Email Service - Any individual or entity filing a 2002 Notice Request who does not maintain (and cannot practicably obtain) an email address and therefore cannot receive service by email must include in the 2002 Notice Request a certification to that effect (the "Certification"). The Certification shall include a statement certifying that the individual or entity (a) does not maintain an email address and (b) cannot practicably obtain an email address at which the individual or entity could receive service by email.

  (3) 2002 Notice List - The Debtors shall be responsible for maintaining an updated list of those who have submitted a proper 2002 Notice Request (the "2002 List"). It is the responsibility of each entity submitting a 2002 Notice Request to file with the Court an updated 2002 Notice Request as necessary to reflect changes to any information, including email address and contact person, and serve a copy of such request upon the Debtors.

 c. Affected Entities - This group shall be comprised of all entities with a particularized interest in the subject matter of the particular court filing (each, an "Affected Entity").

3. By the close of business each business day during these Chapter 11 Cases, to the extent that any new 2002 Notice Requests are filed or withdrawn, Debtors' counsel shall maintain and update the 2002 List by: (a) making any such additions and deletions; (b) filing the updated 2002 List; (c) serving the updated 2002 List on the parties listed thereon; (d) filing a

119663762_2

proof of service; and (e) simultaneously with the filing of the 2002 List, posting an updated version of the 2002 List on the case docket.

    4.    <u>Service of Motions</u>. With respect to filings for which particular notices are required to be served on all creditors and parties in interest, including Bankruptcy Rules 2002(a)(2), (3) and (6), 4001, 6004, 6007, or 9019, parties shall serve all such filings only on the Service List by email or otherwise (if an exemption is granted) and in accordance with the following procedures, unless otherwise ordered by the Court:

    a.    in the case of the use, sale, lease, or abandonment of property, on each entity asserting an interest in that property;

    b.    in the case of a motion for relief or modification of the automatic stay, on each entity asserting a lien or encumbrance on the affected property;

    c.    in the case of a motion relating to the use of cash collateral or obtaining credit, each party asserting an interest in the cash collateral, or a lien or other interest in property upon which a lien or encumbrance is proposed to be granted;

    d.    in the case of a motion under Bankruptcy Rule 9019, all parties that are parties to the relevant compromise and settlement or that may be directly affected by such compromise or settlement;

    e.    in the case of assumption, assignment, or rejection of an executory contract, or an unexpired lease, each party to the executory contract or the unexpired lease;

    f.    any objection, opposition, response, reply, or further document filed directly in response to a document shall be served on the entity who filed such document; and

    g.    except as otherwise provided herein, all matters for which the Bankruptcy Rules specifically require notice to all parties in interest shall be served on all parties in interest unless otherwise directed by the Court.

    5.    The Debtors shall mail notice of the commencement of the case and of the general claims bar date to the Students. For those Students who are minors, service shall be made to

their parents or guardians at the last known address set forth in the Debtors' electronic database for such Student.

6. All parties in interest may obtain information regarding the case by accessing the claims agent's website at www.DonlinRecano.com.

7. Except as set forth herein or otherwise provided by order of the Court, the Notice Procedures shall not apply to notices of the matters or proceedings described in the following Bankruptcy Rules:

    a. Bankruptcy Rule 2002(a)(1) (meeting of creditors pursuant to section 341 of the Bankruptcy Code);

    b. Bankruptcy Rule 2002(a)(2) (any proposed use, sale, or lease of property of the estate other than in the ordinary course of business, but only to the extent that such use, sale, or lease concerns all or substantially all of the Debtors' assets);

    c. Bankruptcy Rule 2002(a)(4) (hearing on the dismissal of a case or cases, or the conversion of a case to another chapter);

    d. Bankruptcy Rule 2002(a)(5) (time fixed to accept or reject a proposed modification of a chapter 11 plan);

    e. Bankruptcy Rule 2002(a)(7) (time fixed for filing a proof of claim pursuant to Bankruptcy Rule 3003(c));

    f. Bankruptcy Rule 2002(b)(1) (time fixed for filing objections and any hearing to consider approval of a disclosure statement);

    g. Bankruptcy Rule 2002(b)(2) (time fixed for filing objections and any hearing to consider confirmation of a chapter 11 plan);

    h. Bankruptcy Rule 2002(d) (certain matters for which notice is to be provided to equity security holders);

    i. Bankruptcy Rule 2002(f)(1) (entry of an order for relief);

    j. Bankruptcy Rule 2002(f)(2) (dismissal or conversion of a case to another chapter of the Bankruptcy Code);

    k. Bankruptcy Rule 2002(f)(3) (time allowed for filing claims pursuant to Bankruptcy Rule 3002);

119663762_2

    l.    Bankruptcy Rule 2002(f)(6) (waiver, denial, or revocation of a discharge as provided in Bankruptcy Rule 4006);

    m.    Bankruptcy Rule 2002(f)(7) (entry of an order confirming a chapter 11 plan); and

    n.    Bankruptcy Rule 2002(f)(8) (summary of the trustee's final report and account should a case be converted to chapter 7 of the Bankruptcy Code).

8. <u>Noticing a Matter for Hearing</u>. Parties should consult the Local Bankruptcy Rules regarding the form and content of notices and visit www.paeb.uscourts.gov for sample notices.

9. <u>Certificates of Service</u>. In accordance with Local Bankruptcy Rule 9014-4, certificates of service of all Rule 2002 Court Filings, including a Service List, shall be filed with the Court; provided, however, that parties shall not be required to include the Service List when serving the certificate of service to such recipients.

**C.    Service by Electronic Mail**

1. <u>Service by Electronic Mail</u>. All Rule 2002 Court Filings shall be electronically filed on the Court's Case Management/Electronic Case Filing (CM/ECF) System (the "<u>Electronic Filing System</u>"), other than service of a summons and complaint in an adversary proceeding or documents filed under seal, which shall be deemed to constitute proper service for all parties who are sent such email service. Subject to the limited exclusions set forth herein, each party that has filed a notice of appearance and a request for service of papers shall be deemed to have consented to electronic service of papers, in accordance with ¶ 2(c) of Standing Order M-03-3005. A party filing a Rule 2002 Court Filing that is served on entities via the Court's Electronic Filing System has no further obligation for service of such Rule 2002 Court Filing with respect to such entities to be proper.

2. If a 2002 Notice Request fails to include an email address and a Certification, the Debtors shall forward a copy of these Case Management Procedures to such party within five (5)

6

business days, specifically requesting an email address or Certification. If no email address or no Certification is provided in response to such request, such party shall not be added to the 2002 List and shall not be served with copies of pleadings and documents filed in these cases unless such pleadings and/or documents directly affect such party.

3. The filing deadlines do not require three (3) additional days' notice as set forth in Rule 6(e) of the Federal Rules of Civil Procedure (made applicable to contested matters indirectly by Bankruptcy Rule 9014(b) and to adversary proceedings by Bankruptcy Rule 7005(b)(2)(D)) and Bankruptcy Rule 9006(f) when a document is served by electronic mail, including service via the Court's Electronic Filing System.

4. <u>Identification of Attorney</u>. As set forth in ¶ 8 of Standing Order M-03-3005, (a) every Rule 2002 Court Filing shall identify the name, address, and telephone number of the individual signing such document, and shall indicate an "electronic signature" (e.g., "/s/ Jane Doe"), and (b) Rule 2002 Court Filings which require original signatures, documents requiring verification pursuant to Bankruptcy Rule 1008, and unsworn declarations under 28 U.S.C. § 1746, all shall be filed electronically and bear "electronic signatures."

**D.    Omnibus Hearing Dates**

1. <u>All Matters to Be Heard</u>. Periodic omnibus hearings will occur as may be scheduled by the Court (the "<u>Omnibus Hearings</u>"). Periodically, the Debtors shall request that future Omnibus Hearings be scheduled. All future Omnibus Hearings scheduled by the Court shall be posted on the Debtors' case docket. Entities may contact Debtors' counsel, the Clerk of the Court at United States Bankruptcy Court, Robert N.C. Nix, Sr. Federal Courthouse, 900 Market Street, Suite 400, Philadelphia, Pennsylvania 19107, or go to www.paeb.uscourts.gov or www.donlinrecano.com for information concerning future Omnibus Hearings that have been scheduled by the Court.

119663762_2

2.  All matters requiring a hearing in this case shall be set for and be heard at an Omnibus Hearing unless otherwise ordered by the Court for good cause shown. All Requests for Relief and Objections thereto and all other matters will be considered or heard only at Omnibus Hearings, unless the Court orders otherwise, in accordance with the following:

   a.  In the event that a party files a request for relief on or before 20 calendar days prior to the next regularly scheduled Omnibus Hearing (or is scheduled for such Omnibus Hearing based on Paragraph 3 below), the matter shall be set for hearing on the next regularly scheduled Omnibus Hearing and the objection deadline shall be five business days prior to the Omnibus Hearing, with any replies thereto due no later than 10:00 a.m., prevailing Eastern Time, on the date that is two business days prior to the date of the omnibus hearing at which the matter will be heard; provided, however, the Debtors may propose to interested parties to schedule matters on a date other than the next applicable Omnibus Hearing if the Debtors in good faith believes that the hearing on a particular matter may exceed one (1) hour.

   b.  In the event that a party files a request for relief at least fourteen calendar days, but less than 20 calendar days, prior to the next regularly scheduled Omnibus Hearing (or is scheduled for such Omnibus Hearing based on Paragraph 3 below), the matter shall be set for hearing on the next regularly scheduled Omnibus Hearing and the objection deadline shall be two business days prior to the Omnibus Hearing, with any replies thereto due no later than the start of the omnibus hearing at which the matter will be heard; provided, however, the Debtors may propose to interested parties to schedule matters on a date other than the next applicable Omnibus Hearing if the Debtors in good faith believe that the hearing on a particular matter may exceed one (1) hour; and

   c.  In the event that a party files a request for relief fewer than 14 calendar days prior to the next regularly scheduled Omnibus Hearing and an expedited hearing is not otherwise granted by the Court, the matter shall be scheduled for the next regularly scheduled Omnibus Hearing that is more than fourteen (14) calendar days from the date of the filing of the motion or application; provided, however, the Debtors may propose to interested parties to schedule matters on a date other than the next applicable Omnibus Hearing if the Debtors in good faith believes that the hearing on a particular matter may exceed one (1) hour.

3.  <u>Procedures Regarding the Omnibus Hearings</u>.  The following procedures will apply unless the Court orders otherwise:

      a. Except as specifically set forth herein, all notice periods for Requests for Relief shall be computed in accordance with the Bankruptcy Rules and Local Bankruptcy Rules and nothing in these Case Management Procedures shall be deemed to change such requirements.

      b. Any notice of an Omnibus Hearing shall conspicuously contain, on the first page of such notice, the date and time that the hearing will be held in the event that an objection is filed in accordance with the applicable rules.

      c. Deadlines for responding to a request for relief shall be governed by the Local Bankruptcy Rules, as modified by paragraph 2 hereof, provided that service is made so that any such responsive pleading is received by 5:00 p.m., prevailing Eastern Time, on the due date. A reply to any responsive pleading may be filed at any hour of the day due if due at least one day before the hearing.

      d. If any party violates the Notice Procedures detailed herein by, among other things, setting a hearing for a date and time other than an Omnibus Hearing without an order from the Court, or setting a hearing on the next regularly scheduled Omnibus Hearing without adequate notice, the Debtors shall forward a copy of the Court's order approving these procedures to such party within five (5) business days after such filing. If the notice is corrected at least fourteen (14) calendar days prior to the next regularly scheduled Omnibus Hearing, then the hearing will be scheduled on the next Omnibus Hearing. If the notice is corrected less than fourteen (14) calendar days prior to the next regularly scheduled Omnibus Hearing, then the hearing with respect to such filing will be scheduled on the next regularly scheduled Omnibus Hearing that is more than fourteen (14) calendar days from the date of the filing of the corrected notice.

      e. Nothing contained herein shall prejudice the rights of any party in interest to move the Court to further limit or expand notice of matters and proceedings upon a showing of good cause, including, but not limited to, the right to file a request for relief upon shortened notice or to seek an enlargement or reduction of time pursuant to Bankruptcy Rule 9006.

      f. If a party intends to present an order at the Omnibus Hearing different from the order attached to the motion, the Debtors' counsel, to the extent known, shall state on the hearing agenda above that a different order will be presented for entry.

      g. Upon request, the Court may allow counsel to participate in any hearing by telephone.

4.    <u>Proposed Omnibus Hearing Agenda</u>. The Debtors shall prepare Omnibus Hearing agendas in accordance with the following:

119663762_2

    a. Two (2) business days prior to each Omnibus Hearing, the Debtors' counsel shall file a proposed agenda with regard to the matters that are scheduled to be heard at such Omnibus Hearings (the "<u>Proposed Hearing Agenda</u>"). The Proposed Hearing Agenda is for the convenience of the Court and counsel and is not determinative of the matters to be heard on that day or whether there will be a settlement or a continuance.

    b. The Proposed Hearing Agenda will include, to the extent known by the Debtors' counsel: (i) the docket number and title of each matter to be scheduled to be heard at such Omnibus Hearing, including the initial filing and any responses, replies, or documents related thereto; (ii) whether the matters are contested or uncontested; (iii) whether the matters have settled or are proposed to be continued; (iv) other comments that will assist the Court; and (v) a suggestion for the order in which the matters should be addressed.

5.    <u>Granting the Request for Relief Without a Hearing</u>. Provided that the notice filed with the request for relief includes a statement that the request for relief may be granted and an order entered without a hearing unless a timely objection (each, an "<u>Objection</u>") is made, after the objection deadline has passed and no Objection has been filed or served in accordance with the procedures set forth herein, counsel to the entity who has filed the request for relief may file a certification indicating that no Objection has been filed or served on the entity who has filed the request for relief (the "<u>Certificate of No Objection</u>").

**E.**    **Foreign Attorneys**

1.    All attorneys shall carefully review the Local Bankruptcy Rules regarding the procedure for appearing and practicing before the Court, available on the Court's website at www.paeb.uscourts.gov.

2.    Pursuant to Local Bankruptcy Rule 2090–1, attorneys from other states and the District of Columbia (each, a "<u>Foreign Attorney</u>") may appear and practice in the Chapter 11 Case upon the motion of a member of the bar of the Court. Moreover, the Eastern District of Pennsylvania allows Foreign Attorneys to register to become limited participants on Electronic Filing System by following the procedures set forth in Standing Order M-03-3005.

10

119663762_2

### F.  Motions for Relief from the Automatic Stay

1. The initial hearing on any motion for relief from the automatic stay shall be a preliminary hearing unless otherwise agreed to by the Debtors. Notwithstanding section 362(e) of the Bankruptcy Code, by setting a hearing on a motion for relief from the automatic stay on an Omnibus Hearing, a party shall be deemed to have consented to the automatic stay remaining in full force and effect until the conclusion of the preliminary hearing. The Court may continue the effectiveness of the automatic stay until a final hearing on the matter. Nothing in this section shall prevent a party from seeking expedited consideration of a motion for relief from the automatic stay.

### G.  Evidentiary Hearings

1. Pursuant to Bankruptcy Rule 9014, in the event that a timely Objection is made to a request for relief (each, a "<u>Contested Matter</u>"), the hearing on such Contested Matter shall be an evidentiary hearing at which witnesses may testify, unless the parties otherwise agree that any such hearing shall not be an evidentiary hearing, in which case, to the extent known by the Debtors' counsel, the Proposed Hearing Agenda shall state as such.

2. Any party who intends to introduce evidence or witnesses with respect to a matter that is the subject of a timely filed and properly served Objection shall identify with reasonable particularity its proposed evidentiary exhibits and witnesses in a written disclosure (each, a "<u>Disclosure</u>"), which Disclosures shall be served only on the adverse party in accordance with the following:

    a. With respect to the party that files a timely Objection, such Disclosures shall be made the same date as the filing of the timely Objection. Unless otherwise directed by the Court, such Disclosures shall not be filed with the Court;

    b. Any party who filed a request for relief that is subject to an Objection shall serve its Disclosure on the adverse party, or any party that intends to

11

   introduce evidence or witnesses with respect to a request for relief that is not subject to an Objection, or any other party in interest who intends to present evidence at an Omnibus Hearing, shall serve its Disclosure on the Debtors as follows: (a) with respect to a filing that is served at least 20 calendar days prior to the next regularly scheduled Omnibus Hearing, at least three (3) business days prior to the Omnibus Hearing on which the request for relief will be heard; and (b) with respect to a filing that is served at least fourteen (14) calendar days, but less than 20 calendar days, prior to the next regularly scheduled Omnibus Hearing, at least one (1) business day prior to the Omnibus Hearing on which the request for relief will be heard; and

  c. After consultation with each party who made a Disclosure, the Proposed Hearing Agenda will indicate whether the matter shall be heard on the next regularly scheduled Omnibus Hearing or at a subsequently scheduled non-Omnibus Hearing to be set by the Court. Additionally, on the Proposed Hearing Agenda, to the extent known by the Debtors' counsel, such agenda will describe the status of evidentiary hearings with respect to Contested Matters.

3. Upon reasonable request, the parties subject to the Contested Matter shall provide copies of all proposed evidentiary exhibits and make all witnesses available for deposition at the expense of the requesting party and within a time period to reasonably facilitate conducting the evidentiary hearing as scheduled.

4. Any party subject to a Contested Matter who fails to identify its evidentiary exhibits or witnesses as provided herein may be precluded, at the Court's discretion, from presenting such evidentiary exhibits or witnesses at the hearing on the matter.

5. Nothing contained herein shall preclude any party from presenting proffers in connection with uncontested matters or agreeing with an opposing party to present proffers in any Contested Matter or otherwise stipulating certain facts or documents into evidence.

119663762_2